Filed 1/27/15  Klat v. Evans Tire & Service CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT, | D065805 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00066050-CU-FR-EC ) |
| EVANS TIRE & SERVICE CENTERS #12 et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Susan V. Klat, in pro. per., for Plaintiff and Appellant.

Law Office of Vatché Chorbajian and Vatché Chorbajian for Defendants and Respondents Evan Tire & Service Centers #12, Evan Tire & Service Centers, Inc., Cynthia Andonian, John K. Andonian, USA Towing & Recovery 2, USA Auto Wrecking, USA Towing & Recovery 2 Auto Sales, Severin Mobile Auto Repair, Severin Mobile Towing, Inc., AAA Mobile Towing, and Asad Gorial Raffo.

Manuel Dominguez for Defendant and Respondent Automobile Club of Southern California.

Susan V. Klat appeals a judgment following the superior court's granting of a motion for nonsuit. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Klat filed suit against multiple defendants for fraud based claims arising out repairs made to Klat's car. The defendants included Evans Tire & Service Centers #12, Evans Tire & Service Centers, Inc., Cynthia Andonian, John K. Andonian, USA Towing & Recovery 2, Asad Gorial Raffo, and Severin Mobile Towing, Inc. (collectively Evans Tire Entities). Klat amended her complaint twice, with the operative complaint being the second amended complaint. In addition, to the Evan Tires Entities, this complaint added AAA Mobile Towing (Towing) and the Automobile Club of Southern California (AAA) (AAA, Towing and Evans Tire Entities collectively Respondents). Like the original complaint, the operative complaint included multiple fraud type causes of action.

After several procedural maneuvers, including Klat filing multiple demurrers to answers filed by Respondents as well as a motion to compel Klat to respond to discovery, the case proceeded to a bench trial. At trial, Klat appeared in propria persona. After the parties gave opening statements, Klat advised the court that she would not call any witnesses, but wanted to submit the case on her exhibits only. The court advised her that to receive the exhibits into evidence, Klat must lay a foundation for them. Klat declined. The court then advised Klat that if she had no admissible evidence, it might have to

2

dismiss the case. Klat responded that she had another venue in which to address her issues. Klat again refused to call any witnesses.

Respondents moved for a nonsuit. The court granted the motion and subsequently entered judgment in Respondents' favor. Klat timely appealed.

DISCUSSION

Klat contends the trial court erred in prohibiting her from being "counsel of record" and a witness at trial. In other words, Klat claims she attempted to offer herself as a witness, but the court refused to allow her to testify. The record, however, does not support Klat's version of events.

Initially, we observe that Klat, as an in propria persona litigant, is "entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

On appeal, the judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Ibid*.)

An appellant has the burden to provide an adequate record and affirmatively show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; see *Denham, supra*, 2 Cal.3d at p. 564.) Further, it is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).)

3

Here, Klat's entire argument on appeal depends on a version of events that is not supported by the record. She has not provided us with a reporter's transcript of the trial. The only portion of the record that shows what occurred at trial is the trial court's minute order. That minute order clearly states that Klat refused to call any witnesses to prove her case or establish the admissibility of her exhibits. Finding no support whatsoever in the record for Klat's position that the trial court would not allow her to testify as a witness at trial, we conclude Klat has not shown the trial court erred, and thus, we must affirm the judgment. (See *Denham, supra*, 2 Cal.3d at p. 564; *Duarte*, *supra*, 72 Cal.App.4th at p. 856.)

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on this appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.

4